**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| vs. | ) ) | |
| COMPASS GROUP USA, INC. | ) ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL BY DEFENDANT COMPASS GROUP USA, INC.**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, defendant Compass Group USA, Inc. ("Compass Group"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of Cook County, Illinois ("State Court"), in which court the cause is currently pending, to the United States District Court for the Northern District of Illinois.  In support thereof, Compass Group states as follows:

1.      Compass Group exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Christine Bryant v. Compass Group USA, Inc.*, Case No. 2019CH09818.

2.      28 U.S.C. § 1441(a) provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

3.      This is a civil action that was instituted in the State Court, and has not been tried. On or about August 23, 2019, Plaintiff Christine Bryant ("Plaintiff") filed her original class action complaint (the "Complaint") in the State Court.  A true and correct copy of the entire state court

file, including the Complaint, is attached hereto as Exhibits A, C, and D. As set forth below, Compass Group received a copy of the summons and Complaint on September 5, 2019, and this Notice of Removal is therefore timely pursuant to 28 U.S.C. §§ 1446(b) and 1453.

4.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d)(11), 1453

5.      As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2), because: (i) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); and (ii) at least one member of the putative class is a citizen of a state different from any defendant.

### I.      The Minimal Diversity Of Citizenship Requirement Is Satisfied

6.      At the time Plaintiff commenced this action against Compass Group in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A).

7.      CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is met here, as Compass Group is a citizen of different states than any plaintiff in the putative class action for purposes of diversity jurisdiction.

8.      The Complaint identifies the named Plaintiff as a citizen of Illinois and proposes a putative class of plaintiffs who are Illinois citizens. Compl. ¶¶ 18, 28.

9.     The Complaint identifies Compass Group as being incorporated in Delaware with its principal place of business in North Carolina.  *Id.* ¶¶ 19–20.  For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Compass Group is a citizen of states other than the state of Illinois.

10.     As a citizen of both Delaware and North Carolina, Compass Group is a citizen of states other than the state of citizenship of at least one named plaintiff identified in the Complaint. Accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

## II.     The Amount In Controversy Requirement Under CAFA Is Satisfied Because The Aggregate Amount In Controversy Exceeds $5,000,000

11.     Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(6), (d)(11).  Plaintiff's claims meet the jurisdictional threshold set forth in § 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

12.     Where, as here, a complaint fails to plead a specific amount of damages or disclaim an amount of damages in of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13.     A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction."  *Id.* at 448–49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

14.     CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction.  *See, e.g.,* S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dar Cherokee*, 135 S. Ct. 554 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

15.     The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA").  *See* Compl. ¶ 54.

16.     Plaintiff alleges that Compass Group violated BIPA when its Smart Market vending machines in Illinois collected her and putative class members' fingerprints without first obtaining the putative class members' consent to create user accounts, and when Compass Group failed to create a written publicly-available policy establishing data retention and destruction guidelines. *See id.* at ¶¶ 7–8, 44, 52.

17.     Plaintiff seeks "liquidated or monetary damages, whichever is higher," as provided by 740 ILCS 14/20(1)–(2), for Compass Group's alleged BIPA violations.  *Id.* at ¶ 54.  The Complaint also seeks injunctive relief, "[e]njoining Defendant from committing further violations."  *Id.*  Moreover, the Complaint seeks attorney's fees and costs.  *Id.*

18.     As a threshold matter, a removing defendant may aggregate all of a plaintiff's claims to determine the total amount of controversy.  *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

19.     The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

20. BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). BIPA provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2). Plaintiff alleges that Compass Group "knew or should have known of the requirements of" BIPA. Compl. ¶ 47. That allegation, in conjunction with Plaintiff's prayer for relief under 740 ILCS 14/20(2), demonstrates that Plaintiff is seeking the greater of actual damages or $5,000 for each alleged violation of BIPA.

21. The amount of damages sought by the putative class plausibly could include the combined total of the statutory damages for each member of the putative class. 28 U.S.C. § 1332(d)(6) (under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds . . . $5,000,000, exclusive of interest and costs"). Therefore, the total of these statutory damage amounts during the relevant time period makes up the plausible damages at issue in this case.

22. Plaintiff "seeks to represent a class of Illinois citizens who scanned their fingerprints in one or more of Defendant's vending machines in Illinois between August 23, 2014 and the present." Compl. ¶ 28. The investigation conducted by the undersigned shows at least 1,000 registered users of the Smart Markets located in Illinois who have accessed their Smart Market accounts by placing their thumb or finger on a device. *See* Declaration in Support of Notice of Removal, attached hereto as Exhibit B, ¶ 4. Accordingly, there are at least 1,000 members of the putative class as alleged by Plaintiff. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 or more, exceeds $5 million.

23. Accordingly, by virtue of joining their claims in one action, Plaintiff and her purported class have placed in controversy at least $5 million in damages.

24. In addition, Plaintiff seeks an award of "reasonable attorney's fees and costs incurred in filing and prosecuting this action." Compl. at 7.

25. The $5,000,000 amount in controversy threshold thus is satisfied for purposes of satisfying 28 U.S.C. § 1332(d)(6).

### III. The Court Should Not Decline To Exercise Jurisdiction Over This Action

26. Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed. Plaintiff cannot satisfy this provision. The Complaint submits that all putative class members are Illinois citizens. Compl. ¶ 28. It is therefore impossible for less than two-thirds of the members of the putative class to be citizens of Illinois. Furthermore, Compass Group is a citizen of Delaware and North Carolina. *See id.* ¶¶ 19–20. This action was originally filed in the state of Illinois. *See* Exhibit A. Accordingly, this Court should not decline to exercise jurisdiction on the basis of 28 U.S.C. § 1332(d)(3).

27. Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

    a. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    b. at least one defendant is a defendant:

          i.        from whom significant relief is sought by members of the plaintiff class;

          ii.       whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

          iii.     who is a citizen of the State in which the action was originally filed; and

    c.      principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

    d.      during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28.     The factors outlined in 28 U.S.C. § 1332(d)(4) are not present here.  By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed.  Accordingly, this Court should not decline to exercise jurisdiction over this action.

## PROCEDURAL COMPLIANCE

29.     In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after the service on Compass Group of the summons and Complaint.  Compass received the summons and Complaint on September 5, 2019.

30.     Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Northern District of Illinois, which embraces the place where the action is pending.

31. The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 124(a)(1).

32. No previous application has been made for the relief requested herein.

33. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Compass Group: the Complaint bearing the case number 2019CH09818, filed in the Circuit Court of Cook County, Illinois (*see* Exhibit A, attached hereto), summons (*see* Exhibit C, attached hereto), and Plaintiff's Motion for Class Certification (*see* Exhibit D, attached hereto).

34. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

35. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

WHEREFORE, Defendant Compass Group USA, Inc. hereby removes this case from the State Court, where it is now pending, to this Court.

Dated: October 4, 2019

Respectfully submitted,

COMPASS GROUP USA, INC.

By:      */s/ Joseph C. Wylie II*
             One of Its Attorneys

Joseph C. Wylie II
Molly K. McGinley
Kenn Brotman
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8108
joseph.wylie@klgates.com
molly.mcginley@klgates.com
kenn.brotman@klgates.com

Paul W. Sweeney Jr.,
*Pro Hac Vice forthcoming*
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
paul.sweeney@klgates.com

*Attorneys for Compass Group USA, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system, and sent via email and U.S. Postal mail to the following counsel of record:

>   Douglas M. Werman
>   Maureen A. Salas
>   Zachary C. Flowerree
>   Sarah J. Arendt
>   WERMAN SALAS P.C.
>   77 West Washington, Suite 1402
>   Chicago, IL 60602
>   Telephone: 312-419-1008
>   dwerman@flsalaw.com
>   msalas@flsalaw.com
>   zflowerree@flsalaw.com
>   sarendt@flsalaw.com
>
>   *Attorneys for Plaintiffs*

*/s/ Joseph C. Wylie II*
_____
