# EXHIBIT A

Chancery Division Civil Cover Sheet
General Chancery Section (5/26/16) CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
8/23/2019 3:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09818

6312138

CHRISTINE BRYANT, on behalf of herself and all other persons similarly situated, known and unknown

Plaintiff

v.

COMPASS GROUP USA, INC.

Defendant

No. 2019CH09818

Hearing Date: 12/23/2019 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
Cook County, IL

FILED DATE: 8/23/2019 3:27 PM  2019CH09818

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ■ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
☐ Other (specify) _____

By: _____
■ Atty. No.: 42031        ☐ Pro se 99500
Name: Douglas M. Werman
Atty. for: Plaintiff
Address: 77 W. Washington Street, Suite 1402
City/State/Zip: Chicago, IL 60602
Telephone: (312) 419-1008
Primary Email: dwerman@flsalaw.com
Secondary Email: ecf@flsalaw.com
Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this Email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Hearing Date: 12/23/2019 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
　　　　　Cook County, IL

6312138
FILED
8/23/2019 3:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09818

FILED DATE: 8/23/2019 3:27 PM   2019CH09818

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHRISTINE BRYANT, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMPASS GROUP USA, INC.<br><br>　　　　　Defendant. | Case No. 2019CH09818<br><br>Judge |

## CLASS ACTION COMPLAINT

Christine Bryant ("Plaintiff"), files this Class Action Complaint ("Complaint") against Compass Group USA, Inc. ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. Defendant is the nation's largest vending machine services company.

2. Among its services, Defendant provides Smart Market vending machines that a purchaser uses by scanning his or her fingerprint.

3. Defendant provides Smart Market vending machines to companies throughout Illinois.

4. Plaintiff was employed by Alorica, a call center, in Rockford, Illinois from approximately February 2018 to July 2018.

5. Defendant provided Alorica with Smart Market vending machines in the company's cafeteria.

1

6. During Plaintiff's orientation with Alorica, new employees were directed to go into the cafeteria and set up an account with Defendant's vending machines.

7. A representative of Defendant directed Plaintiff and other Alorica employees to scan their fingerprints into the Smart Market vending machine system to set up an account under their names.

8. As directed, Plaintiff and other Alorica employees scanned their fingerprints into Defendant's Smart Market vending machine system to set up their accounts.

9. Throughout her employment, Plaintiff regularly purchased items from Defendant's vending machines by scanning her fingerprint in the vending machines.

10. Plaintiff also scanned her fingerprint in Defendant's vending machines whenever she added money to a card Defendant gave her to fund her purchases.

11. Fingerprints are *unique* and *permanent* identifiers.

12. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

13. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

14. Defendant collected, stored, and used the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

15. As a result, Plaintiff and others similarly situated lost the right to control their biometric identifiers and information.

## JURISDICTION AND VENUE

16. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

17. Cook County is an appropriate venue for this litigation because Defendant does business in Cook County.

## THE PARTIES

18. Plaintiff is an individual who is a citizen of Illinois.

19. Defendant is a Delaware corporation.

20. Defendant's principal place of business is in Charlotte, North Carolina.

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

21. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

22. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

23. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length

of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

24. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

**BACKGROUND FACTS**

25. When Plaintiff scanned her fingerprint in Defendant's Smart Market vending machine system, Defendant captured and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

26. Defendant never provided Plaintiff any written materials stating that it was collecting, using, or retaining her fingerprint or a representation derived from her fingerprint.

27. Defendant never obtained Plaintiff's written release authorizing the collection, use, or storage of her fingerprint or a representation derived from Plaintiff's fingerprint.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff seeks to represent a class of Illinois citizens who scanned their fingerprints in one or more of Defendant's vending machines in Illinois between August 23, 2014 and the present ("the Class").

29. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practice: scanning their fingerprints in Defendant's biometric vending machines despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30. The Class includes more than 50 members.

31. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32. The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their fingerprints in Defendant's vending machines; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a) and (b) of the Biometric Information Privacy Act.

33. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

34. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

35. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

37. The books and records of Defendant are material to Plaintiff's case as they disclose when Plaintiff and the Class scanned their fingerprints in Defendant's vending machines and what information Defendant provided Plaintiff and the Class about the collection, retention, and use of their biometric identifiers and information.

38. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

40. Plaintiff realleges and incorporates the previous allegations of this Complaint.

41. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

43. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

44. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendant was doing so.

45. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47. Defendant knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court

6

filings about the law's requirements were published before Defendant directed Plaintiff to scan her fingerprint into Defendant's vending machine system.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

48. Plaintiff realleges and incorporates the previous allegations of this Complaint.

49. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

52. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

53. Defendant knew or should have known of the requirements of the Biometric

Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant directed Plaintiff to scan her fingerprint into Defendant's vending machine system.

54.  As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.  Awarding liquidated or monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.  Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.  Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.  Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: August 23, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorney

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiff*

Chancery Division Civil Cover Sheet
General Chancery Section                                              (5/26/16) CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
8/23/2019 3:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09818

CHRISTINE BRYANT, on behalf of herself and all other persons similarly situated, known and unknown

6312138

Plaintiff

v.

No. 2019CH09818

COMPASS GROUP USA, INC.

Defendant

Hearing Date: 12/23/2019 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
          Cook County, IL

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ■ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
     ☐ Other (specify) _____

By: _____
■ Atty. No.: 42031          ☐ Pro se 99500
Name: Douglas M. Werman
Atty. for: Plaintiff
Address: 77 W. Washington Street, Suite 1402
City/State/Zip: Chicago, IL 60602
Telephone: (312) 419-1008
Primary Email: dwerman@flsalaw.com
Secondary Email: ecf@flsalaw.com
Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this Email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

FILED DATE: 8/23/2019 3:27 PM   2019CH09818

```
                                                    FILED
                                                    8/23/2019 3:27 PM
                                                    DOROTHY BROWN
                                                    CIRCUIT CLERK
                                                    COOK COUNTY, IL
                                                    2019CH09818

                                                    6312138
```

2120 - Served              2121 - Served
2220 - Not Served          2221 - Not Served
2320 - Served By Mail      2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHRISTINE BRYANT

(Name all parties)       Case No. **2019CH09818**

v.

COMPASS GROUP USA, INC.

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: Compass Group USA, Inc., c/o Reg. Agent ILLINOIS CORPORATION SERVICE C; 801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL 62703

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Hearing Date: 12/23/2019 9:30 AM - 9:30 AM
Courtroom Number: 2502
Location: District 1 Court
Cook County, IL

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 8/23/2019 3:27 PM 2019CH09818

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: 8/23/2019 3:27 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- (●) Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 12/23/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
9/25/2019 11:46 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09818

6709412

FILED DATE: 9/25/2019 11:46 AM 2019CH09818

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CHRISTINE BRYANT, )
on behalf of herself and all other )
persons similarly situated, )
known and unknown, ) Case No. 2019CH09818
 )
 ) Judge Demacopoulos
Plaintiff, )
 )
v. )
 )
COMPASS GROUP USA, INC. )
 )
Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Christine Bryant ("Named Plaintiff") alleges that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric fingerprint identifiers and information through Defendant's finger scan Smart Market vending machine system without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 1-10, 14-15, 25-27, 41-47, 52. Named Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

1

Named Plaintiff moves to certify the following class:[1]

> Illinois citizens who scanned their fingerprints in one or more of Defendant's vending machines in Illinois between August 23, 2014 and the present ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 30. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant's vending machine system captures "biometric identifiers" or "biometric information" under the Act; whether Defendant obtained a written release from the Class before collecting their biometric identifiers and information; and whether Defendant stored the Class's biometric identifiers and information without establishing and following a publicly available data retention/destruction policy required by the Act. Compl. ¶ 32. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist.

---

[1] Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

2

2007) (common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because her claims are coextensive with those of the Class, she has no interests antagonistic to the Class, and she is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometric fingerprint timekeeping system); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a

FILED DATE: 9/25/2019 11:46 AM 2019CH09818

supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

Dated: September 25, 2019                          Respectfully submitted,

/s/Zachary C. Flowerree
Attorney No. 42031
Douglas M. Werman
(dwerman@flsalaw.com)
Maureen A. Salas
(msalas@flsalaw.com)
Sarah J. Arendt
(sarendt@flsalaw.com)
Zachary C. Flowerree
(zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiff*