IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-06622 |
| v. | ) ) Honorable Virginia M. Kendall |
| COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC | ) ) ) ) |
| Defendants. | ) ) |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Christine Bryant ("Plaintiff") files this Second Amended Class Action Complaint ("Complaint") against Compass Group USA, Inc. ("Compass") and 365 Retail Markets, LLC ("365 Retail") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1. Compass is the nation's largest vending machine services company.

2. 365 Retail is a global technology provider for vending machines and self-service Vending Systems.

3. Among its services, Compass operates food and beverage vending systems that a purchaser can use by scanning his or her fingerprint ("Biometric Vending Systems").

4. 365 Retail provides equipment and finger-scanning technology for Biometric Vending Systems.

5. Compass and 365 Retail operate Biometric Vending Systems throughout Illinois.

6. Plaintiff was employed by Alorica, a call center, in Rockford, Illinois from approximately February 2018 to July 2018.

1

7. Compass provided Alorica with Biometric Vending Systems in the company's cafeteria.

8. During Plaintiff's orientation with Alorica, Plaintiff and other Alorica employees scanned their fingerprints into the Biometric Vending Systems to set up their accounts.

9. Throughout her employment, Plaintiff regularly purchased items from Compass's Biometric Vending Systems by scanning her fingerprint.

10. Plaintiff also scanned her fingerprint in Compass's Biometric Vending Systems whenever she added money to a card Compass gave her to fund her purchases.

11. Fingerprints are *unique* and *permanent* identifiers.

12. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

13. As a result, Illinois restricted private entities, like Compass and 365 Retail, from capturing, collecting, or otherwise obtaining a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

14. Compass and/or 365 Retail captured, collected, or otherwise obtained the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

15. As a result, Plaintiff and others similarly situated lost the right to control their biometric identifiers and information.

**JURISDICTION AND VENUE**

16. This Court has personal jurisdiction over Compass because, during the relevant time period, Compass did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

17. This Court has personal jurisdiction over 365 Retail because, during the relevant time period, 365 Retail obtained fingerprint data in Illinois for Illinois users of Biometric Vending Systems and thus committed statutory violations alleged in this Complaint in Illinois.

18. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff and Defendants are citizens of different states, there are over 5,000 potential class members, and there is over $5,000,000 in controversy.

19. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1391(a)(2) because the events giving rise to this action took place here.

**THE PARTIES**

20. Plaintiff is an individual who is a citizen of Illinois.

21. Compass is a Delaware corporation.

22. Compass's principal place of business is in Charlotte, North Carolina.

23. 365 Retail is a Delaware limited liability company organized under the laws of Delaware.

24. 365 Retail's principal place of business is in Troy, Michigan.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

25. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage

retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

26. Among other things, the Biometric Information Privacy Act prohibits a "private entity" from capturing, collecting, or otherwise obtaining biometric identifiers or information from an individual unless that private entity first obtains the individual's informed written consent or written release as a condition of employment. 740 ILCS 14/15(b)(3).

27. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

**BACKGROUND FACTS**

28. When Plaintiff scanned her finger in Compass's Biometric Vending System, the Biometric Vending System captured, collected, or otherwise obtained Plaintiff's fingerprint, or a unique identifying representation derived from Plaintiff's fingerprint.

29. Neither Compass nor 365 Retail ever provided Plaintiff any written materials stating that either entity was collecting, obtaining, using, or storing her fingerprint or a representation derived from her fingerprint.

30. Neither Compass nor 365 Retail ever obtained Plaintiff's informed written consent authorizing the collection, use, or storage of her fingerprint or a unique identifying representation derived from Plaintiff's fingerprint.

**CLASS ACTION ALLEGATIONS**

31. Plaintiff seeks to represent a class of individuals who scanned their finger(s) in one

4

or more of Compass's or 365 Retail's Biometric Vending Systems in Illinois between August 23, 2014 and the present without first executing a written consent ("the Class").

32. Excluded from the Class are persons who timely elect to exclude themselves, the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate families.

33. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practice: scanning their fingerprints in a Biometric Vending System despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

34. The Class includes more than 50 members.

35. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

36. The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their fingerprints in a Biometric Vending System in Illinois; whether Compass and/or 365 Retail captured, collected, or otherwise obtained the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Compass and/or 365 Retail complied with the procedures in 740 ILCS 14/15(b) of the Biometric Information Privacy Act.

37. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

38. Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

39. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class,

to the Court, and to Defendant.

40. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

41. The books and records of Defendants are material to Plaintiff's case as they disclose when Plaintiff and the Class scanned their fingerprints in Biometric Vending Systems and what information Defendants provided Plaintiff and the Class about the collection, retention, and use of their biometric identifiers and information.

42. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

43. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
## Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
## (Class Action)

44. Plaintiff realleges and incorporates the previous allegations of this Complaint.

45. Compass and 365 Retail are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

46. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

47. Compass and/or 365 Retail captured, collected, or obtained "biometric information" from Plaintiff and the Class through acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

48. Compass and/or 365 Retail violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Compass and/or 365 Retail was doing so.

49. Compass and/or 365 Retail violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Compass and/or 365 Retail doing so and the length of time Compass and/or 365 Retail would collect, store, and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

50. Compass and/or 365 Retail violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their informed written consent.

51. Defendants knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Compass and/or 365 Retail collected, captured, or otherwise obtained fingerprint data for Biometric Vending System users in Illinois.

52. As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: June 7, 2021

/s/ Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiff*