# EXHIBIT 1

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, )))) 

        Plaintiff, )     Case No. 1:19-cv-06622

        vs. )     Honorable Virginia M. Kendall

COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC, ))) 

        Defendants. )

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Plaintiff Christine Bryant ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class Members she seeks to represent ("Settlement Class" or "Settlement Class Members," as defined below), and Compass Group USA, Inc. ("Compass") and 365 Retail Markets, LLC ("365 Retail") (Compass and 365 Retail, collectively, "Defendants") (Plaintiff and Defendants, collectively, the "Parties"), in the above-captioned action ("Action").

## I.    DENIAL OF LIABILITY AND RESTRICTIONS ON USE OF SETTLEMENT

Defendants deny liability for the claims asserted in this Action. Neither the Settlement documents nor any other item pertaining to the Settlement contemplated herein shall be offered in any other case or proceeding as evidence of any admission by Defendants of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that she would not have prevailed on liability on any of her claims. Any stipulation or admission by Defendants or Plaintiff contained in any document pertaining to the Settlement is made for settlement purposes only. In the event this Settlement is not finally approved, nothing contained herein shall be construed as a waiver by Defendants that class certification is not appropriate or is contrary to law

in this Action or any other case or proceeding, or by Plaintiff that class certification is appropriate

in this case or any other case or proceeding.

## II.     CERTIFICATION OF THE SETTLEMENT CLASS

Settlement Class Counsel shall request that the Court certify for settlement purposes the

following settlement class:

> All individuals who scanned their finger(s) in one or more of Defendants' vending systems in Illinois between August 23, 2014 and preliminary approval without first executing a written consent ("the Settlement Class" or "Settlement Class Members").  Excluded from the Settlement Class are persons who timely elect to exclude themselves, the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate families.

Defendants estimate there are 66,159 Settlement Class Members.

## III.    SETTLEMENT TERMS

### 1.      Final Approval; Effective Date

The term "Final Approval" means the date on which the Court enters an order granting

final approval of the Settlement. The "Effective Date" means the first date on which the final

approval order is no longer appealable, or if an appeal is filed, the date on which such appeal is

resolved in favor of Settlement approval and no further action is required by the Court.

### 2.      Gross Fund; Net Fund; and Allocation of Net Fund

The term "Gross Fund" means the $6,800,000.00 that Defendants will pay to settle the

claims of Settlement Class Members in the Action. The Gross Fund is the maximum amount that

Defendants shall be obligated to pay under this Settlement, unless the number of the Settlement

Class Members as determined by a review of Defendants' records exceeds 68,921, in which case

the Gross Fund shall be increased on a pro rata basis for each Settlement Class Member above

68,921. No amount of the Gross Fund shall revert back to Defendants.

The term "Net Fund" is the Gross Fund minus the following deductions, which are subject to Court approval: Settlement Class Counsel's attorney fees and costs; the Settlement Administrator's costs; and the Settlement Class Representative's Service Award.

The Net Fund shall be distributed pro rata to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants"). Any Settlement Class Member who does not timely return a valid claim form shall not be entitled to a payment. Because of this method of allocation to Settlement Class Participants, there will be no unclaimed funds in the Settlement.

3.  **Release of Claims**

    a.  **Definition of "Released Parties"**

The term "Released Parties" means Defendants and their current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, successors; Defendants' vendors New Age Pavilions, LLC, Avanti Markets, Inc. BBV Slabb, LLC and their respective current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, and successors; and all of "Defendants' Customers," which are defined as persons and entities at whose premises Defendants located or operated vending systems used by the Settlement Class Members in Illinois and all persons or entities with a contractual or business relationship with Defendants pursuant to which Defendants located or operated vending systems used by the Settlement Class Members in Illinois.

    b.  **Release for Settlement Class Members**

Subject to Final Approval, Settlement Class Members will release all claims they have against the Released Parties arising out of or relating to the collection, storage, possession, disclosure or use of data derived from fingerprints or finger scanning at Vending Systems of Defendants in Illinois between August 23, 2014 and preliminary approval, whether asserted or

unasserted, including but not limited to claims under the Illinois Biometric Information Privacy Act, including statutory and common law claims, as well as related claims for liquidated damages, penalties, attorney fees and costs, expenses, and interest. As used in the previous sentence, the term "Vending Systems" means Smart Market or Avenue C vending systems, or other vending platforms and systems provided by 365 Retail, including Market Now, eMart, NEX Micro Markets, and Honest Eats Marketplace, and kiosks through which customers can purchase food, snacks, and/or drinks. In the abundance of clarity, Vending Systems do not include other biometric technology that the Released Parties may have used, such as timekeeping systems, access control systems, identity verification systems, or any other biometric technology system besides vending systems and kiosks through which customers can purchase food, snacks, and/or drinks.

**4.     Settlement Administration**

The Parties have selected Analytics Consulting LLC ("Settlement Administrator") to issue notice and administer this Settlement. The Settlement Administrator's costs shall be paid from the Gross Fund. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

**5.     Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events:

a.  Plaintiff will file an Unopposed Motion for Preliminary Approval as soon as is reasonably possible or before such other date set by the Court.

b.  Within 28 days after the Court grants preliminary approval of the Settlement, Defendants will provide the Settlement Administrator and Settlement Class Counsel with a "Class List" in Microsoft Excel spreadsheet format that shall contain the following for Settlement Class Members, when available: names,

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

mailing addresses, email addresses, and cell phone numbers. Compass and/or 365 Retail will provide to Settlement Class Counsel a representation from Defendants' attorneys with knowledge of how the Settlement Class Members were identified and contact information was compiled.

c.  Within 28 days after the Court grants preliminary approval of the Settlement, Settlement Class Counsel will provide the Settlement Administrator with supplemental Class List data they obtain for Settlement Class Members through subpoenas. If Settlement Class Counsel receives subpoena responses later than 28 days after the Court grants preliminary approval ("Late Subpoena Responses"), they will provide such supplemental Class List data to the Settlement Administrator as soon as reasonably practicable.

d.  Within 35 days after the Court grants preliminary approval of the Settlement, or within 35 days after Defendants receive the information from the Settlement Administrator needed to transfer such funds to the Qualified Settlement Fund, whichever is later, Defendants shall transfer the Settlement Administrator's estimated settlement administration costs to the Qualified Settlement Fund established by the Settlement Administrator.

e.  Before the deadline to distribute class notice, the Settlement Administrator shall establish a Settlement website. The website address will be www.FingerScan VendingSettlement.com, or another website address agreed to by the Parties. The Settlement website shall include a brief description of the claims asserted in the Action, the Court-approved Notice of Class Action Settlement ("Notice") and Claim Form, the Settlement Agreement, the Preliminary Approval Order, the

Case: 1:19-cv-00055 Document #: 834-1 Filed: 07/08/25 Page 6 of 33 PageID #:4367

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

Motion for Attorney Fees, Costs, and Settlement Class Representatives' Service Awards (once available), the Motion for Final Approval (once available), and the Final Approval Order (once available). The Settlement website shall identify the contact information for Settlement Class Counsel and describe how Settlement Class Members may obtain more information about the Settlement and will include a mechanism to complete and submit an electronic Claim Form.

f.  Within 30 days of receiving the Class List, the Settlement Administrator will mail a Notice and Claim Form to Settlement Class Members for whom it has mailing addresses in accordance with Section III.11(b)(1) of this Settlement Agreement. The same day, the Settlement Administrator shall send the notice communication described in Section III.11.(b)(3)-(4) to Settlement Class Members by email and text message (when the Settlement Administrator has those forms of contact information for Settlement Class Members). Also the same day, the Settlement Administrator shall post a Facebook advertisement as described in Section III.11.(b)(5) targeted to Facebook accounts linked to email addresses for Settlement Class Members (when the Settlement Administrator has email addresses for Settlement Class Members).

g.  Within 14 days of receiving supplemental Class List data from Settlement Class Counsel via Late Subpoena Responses (see Section III.5.c., *supra*), the Settlement Administrator shall distribute notice to these individuals by mail, email, and text message (to the extent the Settlement Administrator is provided or obtains those forms of contact information) through the same methods as described in Section III.11(b)(1), (3)-(4).

Case: 1:18-cv-00233 Document #: 831-1 Filed: 10/08/15 Page 7 of 33 PageID #:8ed

h.  Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Settlement Class Representative's Service Award within 60 days from the date of the initial distribution of Notice to Settlement Class Members. Settlement Class Counsel shall provide this motion to the Settlement Administrator to be posted on the Settlement website so that Settlement Class Members may obtain a copy during the objection/exclusion period as described in the notice.

i.  Within 90 days after distribution of Notice, the Settlement Administrator shall send a reminder email and text message notice communication described in Section III.11.(b)(3)-(4) to Settlement Class Members who have not returned a Claim Form (when the Settlement Administrator has those forms of contact information for Settlement Class Members).

j.  All completed claim forms must be postmarked or returned to the Settlement Administrator within 120 days from the date of the distribution of the notice to Settlement Class Members.

k.  Audit rights: Within 14 days of the claim filing deadline, the Settlement Administrator shall provide counsel for the Parties with a report that contains the information provided in the Claim Forms and its determination whether or not each claim should be approved or denied. Original Claim Forms will also be made available to counsel for the Parties upon request. Within 14 days of having received the report of proposed approved and denied claims from the Settlement Administrator, Settlement Class Counsel and Defendants' counsel shall meet and confer regarding any issues that either Settlement Class Counsel or Defendants

believe need to be raised with the Settlement Administrator regarding the claims. Settlement Class Counsel and Defendants' counsel agree to use their best efforts to resolve any disputes. If necessary, the Parties may request that the Settlement Administrator conduct reasonable follow up with particular Settlement Class Members in the event of questions regarding the information provided by any Settlement Class Member or take other reasonable steps as agreed to by the Parties.

l. All requests for exclusion from the Settlement must be postmarked or returned to the Settlement Administrator within 120 days from the date of the distribution of the Notice to Settlement Class Members.

m. All objections to the Settlement must be postmarked or returned to the Settlement Administrator within 120 days from the date of the distribution of the notice to Settlement Class Members. Within three days of receiving an objection, the Settlement Administrator shall provide the objection, and any supporting materials, to counsel for the Parties. Within one business day of receiving an objection from the Settlement Administrator, Settlement Class Counsel shall file the objection with the Court.

n. Settlement Class Counsel will file a motion for final approval of this Settlement within seven (7) days before the Final Approval Hearing or such other date as set by the Court.

o. No later than twenty-eight (28) days after the Effective Date, Defendants will transfer the remainder of the Gross Fund, less the amount already transferred for Settlement Administration (pursuant to Section III.4 and 5(d) above), to the Qualified Settlement Fund account established by the Settlement Administrator.

p.  Within 28 days of the  Effective Date, the Settlement Administrator will mail or deliver the following payments: (1) Settlement award payments to Settlement Class Participants; (2) the Settlement Class Representative's Service Award; and (3) Settlement Class Counsel's award of attorney fees and litigation costs (by wire transfer).

q.  The deadline for Settlement Class Participants to cash checks will be 150 days from the date the checks are issued by the Settlement Administrator.

r.  Within 45 days after the deadline for Settlement Class Participants to cash checks, the Settlement Administrator shall distribute funds from uncashed checks in accordance with Section III.9 of this Agreement and the Court's order(s).

## 6.   <u>Tax Treatment of Settlement Awards</u>

For income tax purposes, the Parties agree that, if required by law, Settlement Class Participant settlement awards shall be allocated as non-wage income and shall not be subject to required withholdings and deductions. The Settlement Class Representative's Service Award shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class Participant an IRS Form 1099. Other than the reporting requirements herein, Settlement Class Participants shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

## 7.   <u>Settlement Class Counsel's Attorney Fees and Costs</u>

a.   Settlement Class Counsel may request that the Court award them up to one-third of the Gross Fund as attorney fees plus their litigation expenses.

b.   The award of attorney fees and litigation expenses approved by the Court shall be paid to Settlement Class Counsel from the Gross Fund.

c.   In the event that the Court does not approve the award of attorney fees and litigation expenses requested by Settlement Class Counsel, or the Court awards attorney fees and litigation expenses in an amount less than that requested by Settlement Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for rendering the entire Settlement null, void, or unenforceable.

d.   Settlement Class Counsel may appeal the award of attorney fees and litigation expenses should the sum awarded by the Court fall below the amount requested by Settlement Class Counsel, provided that the request Settlement Class Counsel makes is consistent with the Settlement Agreement. If Settlement Class Counsel elect not to appeal or if the appeals court affirms the decision, only the reduced amounts will be deemed to be Settlement Class Counsel's attorney fees and litigation expenses for purposes of this Settlement Agreement. Any amounts for Settlement Class Counsel's attorney fees and litigation expenses not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants as settlement awards.

e.   The payment of the award of attorney fees and litigation expenses to Settlement Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorney fees or litigation expenses in the Action incurred by any attorney on behalf of the Settlement Class Representative and the Settlement Class Members, and shall relieve Defendants, the Released Parties, the Settlement Administrator, and Defendants' Counsel of any other claims or liability to any other attorney or law firm for any attorney fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Settlement

Class Representative and the Settlement Class Members. In exchange for such payment, Settlement Class Counsel will release and forever discharge any attorneys' lien on the Gross Fund.

### 8. Service Award

Settlement Class Counsel will apply for "Service Award" of up to $10,000 for the Settlement Class Representative, to be paid for her time and effort spent conferring with Settlement Class Counsel, pursuing the Action in her own name, and recovering compensation on behalf of all Settlement Class Members. Defendants agree not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. Subject to Court approval, the Service Award shall be paid from the Gross Fund, in addition to the Settlement Class Representative's settlement award. Any amount of the Service Award not awarded shall be added to the Net Fund available for distribution to Settlement Class Participants.

### 9. Uncashed Checks to Unclaimed Property Division

Any checks that remain uncashed after 150 days from the date they are issued by the Settlement Administrator shall be deemed void. The Settlement Administrator will distribute funds from each of these uncashed checks to the Unclaimed Property Division of the Illinois Treasurer's Office and shall identify each individual Settlement Class Participant who did not cash his or her check. If the Court determines that distributing uncashed checks to the Unclaimed Property Division is inappropriate, funds from uncashed checks shall be distributed to a *cy pres* recipient agreed to by the Court and the Parties. If the Court determines that a second round of distribution is required before funds are distributed to the Unclaimed Property Division or a *cy pres* recipient, the Parties will agree to that.

### 10. Responsibilities of the Parties

    a.    The Parties shall perform all duties as stated in this Settlement Agreement.

      b.     Defendants may take any measures they reasonably conclude are necessary to comply with the Class Action Fairness Act.

**11.**     **<u>Approval of Settlement; Notice; Settlement Implementation</u>**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Settlement Class Members, obtaining final Court approval of the Settlement, and processing the settlement awards:

      a.     <u>Preliminary Approval</u>.  The Settlement Class Representative shall file a motion for preliminary approval of the Settlement as soon as reasonably possible, consistent with Court order(s). With the motion for preliminary approval, the Settlement Class Representative will submit this Settlement Agreement and accompanying attachment.

      b.     <u>Notice to Settlement Class Members</u>.  Notice of the Settlement shall be provided to Settlement Class Members, and Settlement Class Members shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

      (1)     <u>Mailed Notice to Settlement Class Members</u>.  On the timetable specified in Section III.5 of this Settlement Agreement, the Settlement Administrator shall send a copy of the Notice of Class Action Settlement and Claim Form, attached hereto as Attachment A, to Settlement Class Members for whom it has mailing addresses via First Class regular U.S. mail. The Notice and Claim Form will be mailed using the most current mailing address information for Settlement Class Members, which the Settlement Administrator shall obtain by running each

Case 4:19-cv-00633 Document 41-8 Filed: 10/25/21 Page 13 of 33 PageID #:817

Settlement Class Member's name and address through the National Change of Address (NCOA) database or comparable databases. The front of the envelopes containing the Notice will be marked with words identifying the contents as important documents authorized by the Court and time sensitive. The mailing shall include a pre-paid envelope for Settlement Class Members to return

the Claim Form. For Settlement Class Members whose notices are returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly run a search in Accurint or similar database search to locate an updated address and shall promptly mail the notice to the updated address. If after this second mailing, the Notice is again returned as undelivered, the notice mailing process shall end for that Settlement Class Member (except as provided in Section 11.b.(2), below)

(2)    <u>Updated Contact Information</u>

Settlement Class Members should contact the Settlement Administrator to update their mailing addresses. Settlement Class Counsel will forward any updated contact information it receives from Settlement Class Members to the Settlement Administrator. The Settlement Administrator will reissue the Notice to any Settlement Class Members who provide updated contact information prior to the date 120 days from distribution of Notice.

(3)    <u>Text Notice</u>

On the timetable specified in Section III.5 of this Settlement Agreement, and only for Settlement Class Members for whom the Settlement Administrator is provided a cell phone number, the Settlement Administrator shall send text message notice as described in this Section. The text message notice shall state: "You may be entitled to payment in a class action settlement if you scanned your finger(s) in certain vending systems in Illinois without first providing written consent. To learn more, click **here**." The link will take Settlement Class Members to the Settlement website.

Ninety days after sending the text notice, the Settlement Administrator shall send a reminder text message to Settlement Class Members who have not yet returned a Claim Form. This text message shall state: "You were sent notice of a lawsuit settlement for individuals who

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

scanned their finger(s) at certain vending systems in Illinois without first providing written consent. To request payment, you must complete a **Claim Form** by [insert date 30 days from text distribution]." The link will take Settlement Class Members to the portion of the Settlement website where they can complete and return an electronic Claim Form.

(4)     Email Notice

On the timetable specified in Section III.5 of this Settlement Agreement, and for Settlement Class Members for whom the Settlement Administrator is provided or obtains an email address, the Settlement Administrator shall email notice as described in this Section. The subject of this email shall state: "Legal Notice: Finger Scan Vending Lawsuit Settlement." The body of the email shall state as follows:

"Compass Group USA, Inc. and 365 Retail Solutions, LLC settled a class action lawsuit that claims they violated Illinois law by collecting fingerprint scan data from Illinois users of vending machine systems without written notice and consent. To determine if you are eligible to participate in the settlement, please visit the settlement website and review the Notice of Class Action Settlement: www.FingerScanVendingSettlement.com."[1] If you are eligible to participate in the settlement, you must submit a completed Claim Form to request payment by [insert deadline]. The Claim Form is available on the settlement website.

Ninety days after sending the email notice, the Settlement Administrator shall send a reminder email to Settlement Class Members who have not yet returned a claim form. The subject of this email shall state: "Reminder: Deadline to Submit Claim in Finger Scan Vending Lawsuit Settlement." The body of the email shall state:

Case: 1:19-cv-06583 Document #: 81-1 Filed: 10/28/21 Page 15 of 33 PageID #:813

---

[1]     Or another website address agreed to by the Parties if this one is not available.

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

"You previously received an email about the settlement of a class action lawsuit that claims Compass Group USA, Inc. and 365 Retail Solutions, LLC violated Illinois law by allegedly collecting fingerprint scan data from Illinois users vending machine systems without written notice and consent. If you are a Settlement Class Member, the deadline for you to return a Claim Form and request a settlement payment is [insert date 30 days from email distribution]. You can return a Claim Form through the settlement website www.FingerScanVendingSettlement.com. **If you do not fill out a Claim Form by the deadline, you will not get money."**[2]

(5)      Facebook Notice

On the timetable specified in Section III.5 of this Settlement Agreement, the Settlement Administrator shall run a Facebook advertisement targeted to Facebook accounts linked to email addresses that the Settlement Administrator is provided or obtains for Settlement Class Members. After consulting with counsel for the Parties and obtaining agreement, the Settlement Administrator may also target the advertisement to accounts Facebook identifies as linked to email addresses for Settlement Class Members. The Facebook advertisements will include the following language:

Text 1 (Headline): "Illinois Finger Scan Vending Machine Settlement"

Text 2 (Secondary Text): "Compass Group USA, Inc. and 365 Retail Markets, LLC have settled a class action lawsuit that claims they violated Illinois law by collecting fingerprint scan data from Illinois users of their vending machine systems without written notice and consent. To learn if you are eligible to request a payment in the settlement, click **here**." The link will take Settlement Class Members to the Settlement website.

---

[2]          See Footnote 1.

12. **<u>Procedure for Returning Claim Forms, Objecting, or Requesting Exclusion from Class Action Settlement</u>**

    a.    <u>Procedure for Claim Forms</u>. The Notice and Claim Form shall explain that Settlement Class Members must return a Claim Form on or before 120 days from Notice distribution to receive a settlement payment. Settlement Class Members may return a Claim Form in a pre-paid return envelope or electronically through the case website. Settlement Class Counsel shall include data in its final approval motion about the number of Claim Forms that were returned.

    b.    <u>Procedure for Objecting</u>. The Notice shall provide that Settlement Class Members who wish to submit written objections to the Settlement must mail or email them to the Settlement Administrator on or before 120 days from Notice distribution. To state a valid objection to the Settlement, an objecting Settlement Class Member must sign the objection and provide: (i) full name, current address, current telephone number, and the last four digits of his or her Social Security Number; (ii) a statement of the position or objection the objector wishes to assert, including the grounds for the position and objection; and (iii) copies of any other documents that the objector wishes to submit in support of his/her/its position. No later than three (3) days after receiving an objection, the Settlement Administrator shall furnish Settlement Class Counsel and Defendants' Counsel a copy of the objection. No later than three (3) business days after receiving an objection from the Settlement Administrator, Settlement Class Counsel shall file the objection with the Court. Subject to approval of the Court, any objecting Settlement Class Member may

appear in person or by counsel at the final approval hearing held by the Court to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorney fees, reimbursement of reasonable litigation costs and expenses, and service award.

    c.    <u>Procedure for Requesting Exclusion</u>. The Notice shall provide that

Settlement Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class by mail or email to the Settlement Administrator on or before the 120 days from Notice distribution. Such written request for exclusion must contain the Class Member's full name, address, telephone number, and the last four digits of his or her social security number, a statement that the Settlement Class Member wishes to be excluded from the Settlement, and must be signed by the Settlement Class Member. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement. If a Settlement Class Member submits both an exclusion request and a Claim Form, the Settlement Administrator shall contact the Settlement Class Member to determine whether the Class Member intended to request exclusion. If the Settlement Administrator contacts the Class Member and is unable to communicate with him or her, the Claim Form will govern and the exclusion request will be considered invalid. No later than three (3) days after receiving a request for exclusion the Settlement Administrator shall furnish to Settlement Class Counsel and Defendants' Counsel a copy of that request for exclusion. Settlement Class Counsel shall file or otherwise identify the requests for exclusion with the motion for final approval of the settlement.

If five percent (5%) or more of the Settlement Class Members submit valid requests for exclusion from the Settlement, Defendants may elect to withdraw from and not be bound by the terms of this Agreement.

### 13.     Subpoenas for Settlement Class Member Contact Information

Defendants have cooperated with Settlement Class Counsel so that Settlement Class Counsel can issue subpoenas to Defendants' customers for Settlement Class Member contact

information. This cooperation has included: providing (1) contact information to Settlement Class Counsel for Defendants' Customers, and (2) names and locations for users who may have enabled finger-scanning at one of Defendants' Illinois vending systems without first providing written consent. Compass also has communicated with its customers to tell them that they may receive a subpoena for Settlement Class Member contact information. Compass has provided this communication to Settlement Class Counsel before distributing it and gave Settlement Class Counsel an opportunity to comment on it.

**14. <u>Qualified Settlement Fund</u>**

As required under this Agreement, Defendants shall transfer the required portions of the Gross Fund to a Qualified Settlement Fund ("QSF"), to be held as a separate trust as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Settlement Class Counsel and Defendants jointly shall take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto. Defendants shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1). The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary approval of the Settlement and Notice as described in the Agreement. The Court shall retain jurisdiction over the administration of the QSF. Defendants shall supply to the Settlement Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Defendants makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2). Accordingly, Defendants shall not include the income of the

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

QSF in its income.  Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds.  In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

Upon establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

If requested by either Defendants or the Settlement Administrator, the Settlement Administrator and Defendants shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

The Settlement Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(l)(2)(ii).  The Settlement Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Settlement Administrator with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF.

Based on the Settlement Administrator's recommendation and approval by the Parties, the QSF may be invested in United States Treasury bills, money market funds primarily invested in the same, or certificates of deposit (CDs), provided that such portions of the QSF as may

reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Settlement Class Participants or Settlement Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable. All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

The Settlement Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Settlement Class are not altered thereby in any material respect.

### 15.    No Solicitation of Settlement Objections or Exclusions

The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall any Party or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or appeal from the Court's Final Judgment.

### 16.    Final Settlement Approval Hearing

In its preliminary approval order or a related order, the Court shall schedule a final approval hearing to determine whether to grant final approval of the Settlement Agreement along with the amount payable for (i) an award to Settlement Class Counsel for attorney fees and litigation expenses; (ii) the Settlement Administrator's expenses; and (iii) the Settlement Class

Representative's Service Award. Plaintiff shall present a Final Approval order to the Court for its approval. The Final Approval order Plaintiff presents to the Court shall provide that the matter will be dismissed with prejudice seven (7) days after Plaintiff files a declaration with the Court from the Settlement Administrator confirming that Defendants have fully funded the Gross Fund.

**17.** **Defendants' Representations Regarding Released Parties**

Defendants represent that their Defendants' Customers (who are "Released Parties" in this Settlement Agreement) had no ability to access or obtain possession of any of the alleged fingerprint, finger scan, or biometric data allegedly collected, captured, or otherwise obtained by Defendants' Illinois vending systems during the Class Period.

Defendants represent that BBV Slabb, LLC is a manufacturer of hardware used in the at-issue vending systems, but that BBV Slabb, LLC had no ability to access or obtain possession of any of the alleged fingerprint, finger-scan, or biometric data allegedly collected, captured, or otherwise obtained by Defendants' Illinois vending systems during the Class Period.

**18.** **Venue of Approval**

The Parties will seek approval of this Settlement in the United States District Court for the Northern District of Illinois, Eastern Division, with their assigned Judge in the Action, currently Judge Kendall. If the case is remanded for lack of jurisdiction, the Parties will seek approval in state court with their assigned Judge.

**19.** **Defendants' Legal Fees**

All of Defendants' legal fees, costs and expenses incurred in this Action shall be borne by Defendants.

**20.** **Certification of Distribution of Settlement Checks**

The Settlement Administrator shall provide Settlement Class Counsel with an accounting

of the proceeds disbursed, upon request by Settlement Class Counsel. Should Settlement Class Counsel request such an accounting, Settlement Class Counsel will provide a copy of the accounting to Defendants' counsel.

### 21. **Attachment(s) and Headings**

The terms of this Settlement Agreement include the terms set forth in the attached Attachment(s), which are incorporated by this reference as though fully set forth herein. Any Attachment(s) to this Settlement Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

### 22. **Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. Notwithstanding the foregoing, the Parties agree that any dates contained in this Settlement Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. However, the Parties cannot modify deadlines set by the Court without Court approval.

### 23. **Entire Agreement**

Upon execution, this Settlement Agreement and any Attachment(s) constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Attachment(s) other than the representations, warranties and covenants contained and memorialized in such documents.

### 24. **Good Faith Negotiation if the Court Does Not Grant Approval**

If the Court does not grant preliminary or final approval of the Settlement, the Parties will

work together in good faith to address the concerns raised in denying preliminary or final approval. If the Parties are unable to jointly agree on solutions to address the court's concerns, then the Parties shall request the assistance of Judge Holderman or another mediator agreed to by the Parties, unless the parties agree not to use a mediator. Similarly, if the parties are unable to reach

agreement on the terms of the settlement documents, then the Parties shall request the assistance of Judge Holderman or another mediator, unless the Parties agree not to use a mediator.

### 25. Authorization to Enter into Settlement Agreement

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement.

### 26. Binding on Successors and Assigns

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 27. Illinois Law Governs; Change in Law Will Not Invalidate Settlement

All terms of this Settlement Agreement and the Attachment(s) hereto shall be governed by and interpreted according to the laws of the State of Illinois. An intervening change in law or court decision shall not invalidate this Settlement Agreement.

### 28. Counterparts

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Electronic

signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

### 29. This Settlement is Fair, Adequate and Reasonable

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe this

Settlement Agreement represents a fair, adequate and reasonable Settlement of this action and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential.

**30.     Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

**31.     Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

**32.     Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

**33.     Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of

this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (A) has relied exclusively upon his, her or its own,

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (B) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

DATED: October 26, 2021

Christine Bryant

_Christine Bryant_
FDD07A59E7C149B...

Settlement Class Representative

DATED: 10/26/2021

Compass Group USA, Inc.

By: _Daniel DuPré_
21DB0A1F15304F8...

Its: Managing Legal Counsel

DATED: 10/27/2021

365 Retail Markets, LLC

By: _Joe Hessling_

Its: CEO

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

# **Attachment A**

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

## NOTICE OF CLASS ACTION SETTLEMENT
*Bryant v. Compass Group USA, Inc.,* Case No. 1:19-cv-06622 (N.D. Ill.)

### 1. Introduction

A federal court in Chicago preliminarily approved a class action settlement in the lawsuit *Bryant v. Compass Group USA, Inc.,* Case No. 1:19-cv-06622 (N.D. Ill.) (the "Lawsuit").

The Court has approved this Notice to inform individuals who are included in the settlement of their rights. As described in more detail below, individuals who are included in the settlement may:

> (1) request a settlement payment and give up certain legal claims they have;
>
> (2) exclude themselves from the settlement, not receive a settlement payment, and not give up any legal claims;
>
> (3) object to the settlement; or
>
> (4) do nothing, not receive a settlement payment, and give up certain legal claims they have.

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

### 2. What Is this Lawsuit About?

This Lawsuit is about whether Compass Group USA, Inc. ("Compass") and 365 Retail Solutions, LLC ("365 Retail") violated the Illinois Biometric Information Privacy Act ("BIPA"). Among other things, BIPA prohibits private companies from capturing, collecting, or otherwise obtaining an individual's biometric identifier or biometric information, including a fingerprint or identifying information based on a fingerprint, without first providing an individual with certain written disclosures and obtaining written consent. The Lawsuit alleges that Compass and 365 Retail violated BIPA by collecting fingerprint data from users of vending machine systems in Illinois without first providing written notice and obtaining written consent. The vending machine systems involved in the case are called Smart Market, Avenue C, Market Now, eMart, NEX Micro Markets, and Honest Eats Marketplace kiosks.

Compass and 365 Retail deny any violation of the law. The parties agreed to a settlement to resolve the Lawsuit. The Court did not decide whether Compass or 365 Retail violated the law.

You can learn more about the Lawsuit by contacting the settlement administrator, Analytics Consulting LLC, at **1-xxx-xxx-xxxx**, or Settlement Class Counsel, Werman Salas P.C., at (312) 419-1008. You may also review the Settlement Agreement and related case documents at the settlement website: www.FingerScanVendingSettlement.com.

Case: 1:18-cv-06823 Document #: 83-1 Filed: 10/08/21 Page 53 of 33 PageID #:881

### 3. Who Is Included in the Settlement?

The settlement includes all individuals who scanned their finger(s) in one or more of Compass's or 365 Retail's vending systems in Illinois between August 23, 2014 and [insert date of preliminary approval] without first executing a written consent. ("Settlement Class" or "Settlement Class Members"). Excluded from the Class are persons who timely elect to exclude themselves (as described below), the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate family.

## 4.    What does the Settlement Provide?

The class action settlement provides for a total payment of $6,800,000 that Compass and 365 Retail have agreed to pay to settle the claims of Settlement Class Members. Subject to Court approval, the gross settlement fund shall be reduced by the following: (1) an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees (estimated to be $2,266,666.67) and litigation costs of up to $50,000; (2) a Service Award of $10,000 to Class Representative Christine Bryant; and (3) the Settlement Administrator's costs estimated to be less than $100,000.00. Following these reductions, the remaining amount shall be the net settlement fund, which shall be distributed equally to Settlement Class Members who timely return valid claim forms ("Settlement Class Participants").

The amount of money each Settlement Class Participant will receive will depend on the number of Settlement Class Members who timely return valid claim forms. Settlement Class Counsel estimate that Settlement Class Participants will receive approximately **$300** to **$600** each.

Unless Settlement Class Members exclude themselves from the settlement as explained below, they will give up all claims against the Released Parties arising out of or relating to the collection, storage, possession, disclosure or use of data derived from fingerprints or finger scanning at vending systems of Compass and/or 365 Retail in Illinois, between August 23, 2014 and [insert date of preliminary approval], including but not limited to claims under the Illinois Biometric Information Privacy Act including statutory and common law claims, as well as related claims for liquidated damages, penalties, attorney fees and costs, expenses, and interest.

The "Released Parties" include Compass and 365 Retail and their current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, successors; and vendors New Age Pavilions, LLC, Avanti Markets, Inc. and BBV Slabb, LLC and their respective current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, benefit plans, predecessors, successors, and all Illinois customers of Compass or 365 Retail. The full release of claims is set forth in the Settlement Agreement.

## 5.    What Are a Settlement Class Member's Options?

(1) **Request a settlement payment**. *If you are a Settlement Class Member and want to receive a settlement payment, you must complete and submit online, or postmark and mail for return, a claim form by Insert date 120 days from Notice distribution.* You may return your claim form in the accompanying pre-paid envelope (if you received this Notice by mail). Or you may complete and submit a claim form online through the settlement website: www. FingerScanVendingSettlement.com. If you are a Settlement Class Member and you timely return a completed and valid claim form, and if the Court grants final approval of the settlement, you will receive a check or an electronic payment, depending on which method of payment you select on the claim form. If required by law, you may also be sent a 1099 tax reporting form.

(2) **Exclude yourself from the settlement and receive no money.** If you are a Settlement Class Member and do not want to be legally bound by the settlement, you must exclude yourself from the settlement by **Insert date 120 days from Notice distribution**. If you do this, you will NOT get a settlement payment. To do so, you must mail or email your written request for exclusion to

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

the Settlement Administrator (contact information below). Your written request for exclusion must include your full name, address, telephone number, the last four digits of your Social Security Number, a statement that you wish to be excluded from the settlement, and it must be signed by you (an electronic signature qualifies). If you exclude yourself, you will not receive money from this settlement, but you will keep your legal rights regarding any claims that you may have against Compass, 365 Retail, and the other Released Parties.

(3) **Object to the Settlement.** If you are a Settlement Class Member, you may object to the settlement by <mark>Insert date 120 days from Notice distribution</mark>. If you want to object to the settlement, you must mail or email a written objection to the Settlement Administrator (contact information below), which includes your full name, address, telephone number, the last four digits of your Social Security Number, the grounds for the objection, whether the objection applies to you only, a subset of the class, or the entire class, and copies of any other documents that you wish to submit in support your objection. Any objection must also be personally signed by you (an electronic signature qualifies). If you exclude yourself from the settlement, you cannot file an objection.

(4) **Do Nothing.** You may choose to do nothing. If you are a Settlement Class Member and you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against the Released Parties regarding any legal claims released in this settlement.

### 6. How do I update my Contact Information?

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement award, should you be eligible to receive one, will be sent to the correct address. To update your address, contact the Settlement Administrator, listed below.

### 7. Who Are the Attorneys Representing the Class and How Will They Be Paid?

The Court has appointed Settlement Class Counsel, identified below, to represent Settlement Class Members in this settlement.

| |
|---|
| Douglas M. Werman |
| Zachary C. Flowerree |
| Werman Salas P.C. |
| 77 West Washington Street |
| Suite 1402 |
| Chicago, IL 60602 |
| (312) 419-1008 |
| VendingSettlement@flsalaw.com |

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees plus reimbursement of their costs. You may review Settlement Class Counsel's request for attorney fees and costs at the settlement website, www.FingerScanVendingSettlement.com, after <mark>Insert date 60 days from Notice distribution.</mark> You will not have to pay Settlement Class Counsel from your settlement award or otherwise.

You also have the right to hire your own attorney at your own expense.

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

### 8.    When is the Final Approval Hearing?

The Court will hold a hearing in this case on ==Insert date and time from preliminary approval order==, to consider, among other things, (1) whether to finally approve the settlement; (2) a request by the lawyers representing Settlement Class Members for an award of no more than one-third of the settlement as attorney fees plus litigation costs; and (3) a request for a Service Award for the Settlement Class Representative Christine Bryant; and (4) a request for the Settlement Administrator's costs.

You may appear at the final approval hearing, but you are not required to do so.

Seven days before the final approval hearing, the Settlement Administrator will post on the Settlement website whether the final approval hearing will be held by telephone or in person (and will provide phone number or courtroom information).

### 9.    What If You Have Questions or Want More Information?

If you have any questions or for more information, contact the Settlement Administrator or Settlement Class Counsel at:

| Settlement Administrator | Settlement Class Counsel |
|---|---|
| Analytics Consulting LLC | Douglas M. Werman |
| Address Line 1 | Zachary C. Flowerree |
| Address Line 2 | Werman Salas P.C. |
| Telephone Number | 77 West Washington Street, Ste. 1402 |
| Email address | Chicago, IL 60602 |
| | (312) 419-1008 |
| | VendingSettlement@flsalaw.com |

**PLEASE DO NOT CONTACT THE COURT, COMPASS, OR 365 RETAIL ABOUT THIS SETTLEMENT.**

DocuSign Envelope ID: 17351BFC-50CB-471C-9754-D6BC77C00DD0

## CLAIM FORM
### *(Complete and Return – or Submit Online – to Request a Payment)*
### *Bryant v. Compass Group USA, Inc.,* Case No. 1:19-cv-06622 (N.D. Ill.)

To receive a settlement payment, a Settlement Class Member must complete a Claim Form and submit online or postmark and mail to the Settlement Administrator on or before ==Insert date 120 days from Notice distribution==.

A Settlement Class Member can return a completed Claim Form by U.S. mail in the pre-paid envelope that was mailed to you (if you received one) or electronically at the settlement website: www.FingerScanVendingSettlement.com.

Only eligible Settlement Class Members can receive a settlement payment, and only if they timely return a completed Claim Form and the Court grants final approval of the settlement.

By signing below, you affirm that you are a member of the Settlement Class as defined by Section 3 of the Notice of Class Action Settlement.

Printed Name: _____  Signature: _____

Date: _____  Phone Number: _____

Street Address: _____  City: _____

State: ___  Zip Code: _____  Email: _____

Location Where You Used a Finger Scan Vending System: _____

==Insert Settlement Administrator's Contact Information==

### How You Wish to Receive Payment

Please check one of the boxes below to indicate how you would like to receive your settlement payment. If you indicate "electronic payment," instructions will be emailed to you for how to receive payment. If you do not make a selection, you will be mailed a physical check to the address identified above.

☐  Electronic payment
☐  A physical check by mail