IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown,<br><br>          Plaintiff,<br><br>   vs.<br><br>COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC,<br><br>          Defendants. | Case No. 1:19-cv-06622<br><br>Honorable Virginia M. Kendall |

**PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("the Motion"), the Court having reviewed and considered the Motion, the supporting Memorandum of Law and attached exhibits, including the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its attachment, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. The Court finds, on a preliminary basis, that Settlement Class Counsel adequately represented the proposed Settlement Class Members, which are defined as follows:

    All individuals who scanned their finger(s) in one or more of Defendants' vending systems in Illinois between August 23, 2014 and preliminary approval without first executing a written consent ("the Settlement Class" or "Settlement Class Members"). Excluded from the Settlement Class are persons who timely elect to exclude themselves, the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate families.

5.     The Court finds that distribution of notice to the proposed Settlement Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

6.     For settlement purposes only, the Court appoints Christine Bryant as the Settlement Class Representative.

7.     For settlement purposes only, the Court appoints as Settlement Class Counsel:

> Douglas M. Werman
> Zachary C. Flowerree
> Werman Salas P.C.
> 77 West Washington Street
> Suite 1402
> Chicago, IL 60602
> (312) 419-1008

8.     The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

9.     The Court finds that distribution of the proposed Notice of Class Action Settlement and accompanying Claim Form ("Notice") by mail (where reasonably possible), text message (where reasonably possible), email (where reasonably possible), and Facebook (where reasonably possible) are the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and

informative. It provides Settlement Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

10. To be eligible to receive Settlement payments, Settlement Class Members must complete and return or postmark for return a valid Claim Form as described in the Notice within 120 days from the date of Notice distribution.

11. Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice within 120 days from the date of Notice distribution.

12. Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

13. Any Settlement Class Member who does not request to be excluded from the Settlement may object to the Settlement by submitting a written statement to the Settlement Administrator as described in the Notice within 120 days from the date of Notice distribution.

14. Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") within 60 days from the date of initial Notice distribution. The Settlement Administrator shall post the Fee Petition on the Settlement website.

15. Settlement Class Counsel shall file a motion for final approval of the Settlement within seven days of the final approval hearing. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

16. The Court schedules a Final Approval Hearing for August 3, 2022 at 9:45 a.m. to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Settlement Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for a Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement. Within at least ten days of the Final Approval Hearing, the Court will inform the Parties whether the Final Approval Hearing will take place by phone or in Court. Within seven days of the Final Approval Hearing, Settlement Class Counsel shall ensure the Settlement Administrator posts the Final Approval Hearing details on the Settlement website.

17. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: 11/2/2021

Hon. Virginia M. Kendall
United States District Judge