IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-06622 |
| vs. | )<br>) Honorable Virginia M. Kendall |
| COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC, | )<br>)<br>) |
| Defendants. | ) |

**AGREED PROTECTIVE ORDER**

Plaintiff Christine Bryant, Defendant Compass Group USA, Inc. ("Compass Group"), and Defendant 365 Retail Markets, Inc. ("365") (each a "Party" and collectively the "Parties") submit that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action and to obtain such information from third parties.

Protection of the identified categories of confidential information is necessary because Compass Group or third parties responding to a subpoena or request for information may produce or disclose documents or information containing confidential, proprietary, or trade secret information regarding its business practices and policies and the Parties may be required to produce or disclose confidential financial or personally identifying information regarding Plaintiffs or third parties.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and hereby enters the following Protective Order:

**1.    Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

1

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, business, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Definition of Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means Confidential Information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the producing party that is so sensitive that access to it should be limited to the categories of persons identified in paragraph 7(c) of this Order.

4. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information or Highly Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential Information. The marking shall

be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any marked documents shall also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked. The designation of a document as confidential or highly confidential is a certification by an attorney that the document contains Confidential Information or Highly Confidential Information as defined in this Order.

**5.    Depositions**. Deposition testimony is protected by this Order only if designated as such on the record at the time the testimony is taken, or within fifteen (15) days after receipt of the deposition transcript by a designating party serving a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential or Highly Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.    Protection of Confidential and Highly Confidential Material.**

**(a)    General Protections.** Confidential Information or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) or (c) for any purposes whatsoever other than in this litigation, including any appeal thereof. In this putative class action, Confidential or Highly

3

505093915.6

Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class including putative members has been certified.

**(b)** **Limited Third-Party Disclosures of Confidential Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(2) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the action, including any Court-appointed settlement administrator;

(3) **The Court and its personnel**;

(4) **Court reporters.** Court reporters, recorders, and videographers engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant

4

        to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)    **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

(9)    **Mediator.** Any mediator appointed by the Court or jointly selected by the Parties; and

(10)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)**    **Who May View Designated Highly Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Highly Confidential Information may only be disclosed to the following persons:

(1)    **Counsel.** Counsel for the parties and employees and agents of counsel, including any Court appointed settlement administrator;

(2)    **The Court and its personnel;**

(3)    **Court reporters.** Court reporters, recorders, and videographers engaged for depositions;

(4)    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5)    **Mediator.** Any mediator appointed by the Court or jointly selected by the Parties; and

(6)    **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation);

**(d)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Highly Confidential Information pursuant to the terms of this Order.

7.  **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information or Highly Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven days after discovery of the inadvertent failure.

8.  **Filing of Confidential Information or Highly Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9.  **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any Party, including a Party seeking to file Confidential Information with the Court. The following procedure shall apply to any such challenge.

**(a)** **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for

505093915.6

its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information or Highly Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation

that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information or Highly Confidential Information by the other Party to this case.

      **13.** **Obligations on Conclusion of Litigation.**

          **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

          **(b)** **Return of Confidential Documents.** Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents

designated as containing Confidential Information or Highly Confidential Information, including copies as defined above, must be destroyed or returned to the Party who previously produced the document unless the document has been offered into evidence or filed without restriction as to disclosure.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information or Highly Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information or Highly Confidential Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**13.** **Order Subject to Modification**. This Order is subject to modification by the Court on its own initiative or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**14.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule

9

505093915.6

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue

15. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

16. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information or Highly Confidential Information under the Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

17. **Third-Party Subpoena Recipients**. This Section applies to each third-party who receives a subpoena seeking putative settlement class member contact information (hereinafter "third-party subpoena recipients"). All such information produced by third-party subpoena

505093915.6

recipients shall be deemed "Confidential Information" as set forth in this Order. Plaintiff's counsel share not share the information produced by third-party subpoena recipients with Plaintiff or any third-parties other than the settlement administrator retained to administer any settlement that may be granted preliminary approval in this litigation (the "Settlement Administrator"). Plaintiff's counsel shall not use information produced by third-party subpoena recipients for any purpose other than for facilitating the settlement process in this litigation. The Settlement Administrator shall not share any of the contact information received from the third-party subpoena recipients with any individuals or entities outside of its organization, including Plaintiff, and will use the information solely for the purposes of issuing notices to the putative settlement class members. Once all funds in this action have been dispersed, the Settlement Administrator shall destroy all copies in its possession of the contact information provided by the third-party subpoena recipients. Plaintiff's counsel may retain contact information provided by third-party subpoena recipients as necessary to comply with Illinois Supreme Court Rule 769. Nothing herein shall prevent any third-party subpoena recipient from seeking to quash or modify such subpoena on any ground.

IT IS SO ORDERED.

Date: November 3, 2021

_____
Virginia M. Kendall
U.S. District Court Judge

| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
|---|---|
| *s/ Zachary Floweree* (with consent)<br>Signature | *s/ Joseph C. Wylie II*<br>Signature |
| Zachary Flowerree<br>Printed Name | Joseph C. Wylie II<br>Printed Name |
| Counsel for Christine Bryant,<br>on behalf of herself and the proposed Class | Counsel for Compass Group USA, Inc. |
| Dated: November 2, 2021 | Dated: November 2, 2021 |

WE SO MOVE
and agree to abide by the
terms of this Order

*s/ Jad Sheikali* (with consent)
Signature

Jad Sheikali
Printed Name

Counsel for 365 Retail Markets, LLC

Dated: November 2, 2021

505093915.6

## ATTACHMENT A

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ , 2021, in the case captioned, *Christine Bryant, on behalf of herself and all others similarly situated v. Compass Group USA, Inc.*, attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____

Date: _____
Signature: _____

505093915.6