**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-06622 |
| vs. ) ) | Honorable Virginia M. Kendall |
| COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC, ) ) ) | |
| Defendants. | |

**PLAINTIFF'S UNOPPOSED MOTION TO COMPEL NON-PARTIES'
RESPONSES TO SUBPOENAS**

Plaintiff Christine Bryant, by and through the undersigned counsel, hereby submits the Motion to Compel Non-Parties' Responses to Subpoenas and states as follows.

**I.      Introduction & Background**

This lawsuit involves class action claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14 *et seq*. ("BIPA"). In the operative Complaint, Plaintiff alleges Defendants Compass Group USA, Inc. and 365 Retail Markets, LLC collected fingerprint data from Illinois residents through biometric vending systems without following BIPA's written disclosure and consent requirements.

On November 2, 2021, the Court preliminarily approved the proposed class action settlement. *See* ECF No. 90, Preliminary Approval Order. The proposed settlement class includes all individuals who scanned their finger(s) in one or more of Defendants' vending systems in Illinois between August 23, 2014 and November 2, 2021, without first executing a written consent. *Id.*

1

Because Defendants do not have full contact information for settlement class members who may have enabled finger-scanning at one of Defendants' Illinois vending systems without first providing written consent, the Settlement Agreement provides that Settlement Class Counsel[1] may issue subpoenas to Defendants' Customers for Settlement Class Members' contact information to provide them notice of their rights in the Settlement. *See* ECF No 87-1, Settlement Agreement, ¶ III.13.

Of the twelve (12) Customers that are subject of the instant Motion, the Settlement Administrator served on November 24 and December 7, 2021, via certified U.S. First Class Mail, subpoenas issued from this District to Defendants' Customers requesting Settlement Class Members' email addresses, mailing addresses, and cell phone numbers. *See* ECF No. 90, Preliminary Approval Order ¶ 9 (stating where reasonably possible mail, text message, email, and Facebook the best practicable means of providing notice under the circumstances); Declaration of Bernard K. Schott ("Schott Decl.") ¶¶ 3-14, Served Subpoenas, at Exs. A-1 to L-1, Proofs of Service at 4. Settlement Class Counsel provided Defendants' Customers a twenty-one day deadline, December 15 and December 28, 2021, respectively, to comply with or otherwise respond to the subpoenas. *Id.* at Exs. A-1 to L-1, Compliance Date at 3. The subpoenas directed Defendants' Customers to provide the requested documents/contact information by email or through a secure upload link to Settlement Class Counsel, or through the Customer's desired secure upload link.[2] *Id.* at Exs. A-1 to L-1, Subpoena Rider at pp. 6-7.

---

[1] Capitalized terms herein shall have the same meaning as in the Settlement Agreement.

[2] The subpoena further directed Defendants' Customers to produce physical documents by mail (or in person) to Settlement Class Counsel's office in Chicago, Illinois, only if they were unable to produce them electronically. Exs. A-1 to L-1, Subpoena Rider at 7, ¶ 2.

Of the twelve (12) Customers that are subject of the instant Motion, Settlement Class Counsel received either an executed return receipt from the Customer's registered agent in Illinois acknowledging delivery of the subpoena, or verification from USPS that the subpoena was delivered to the Customer's registered agent.[3] *See* Schott Decl. ¶¶ 3-14, Exs. A-2 to L-2. Having received no production or communication from the Customers after the compliance deadlines, Settlement Class Counsel sent the Customers conferral letters on December 23, 2021 (for the subpoenas served November 24) and January 11, 2022 (for the subpoenas served December 7). Schott Decl. ¶¶ 3-14. In the conferral letters, Settlement Class Counsel informed the Customers of the served subpoena and requested the organizations to produce the information or otherwise confer with Settlement Class Counsel on a compliance date by year-end or January 20, 2022, respectively.[4] Schott Decl. ¶¶ 3-14, Exs. A-3 to L-3. Settlement Class Counsel sent the conferral letters to the respective Customer's registered agent. *Id.* Settlement Class Counsel additionally sent the conferral letters, where mailing addresses could be obtained, to the respective Customer's location in Illinois and/or the Customer's headquarters, directing the letters to the attention of the Customer's legal department. *Id.* ¶¶ 3-14, Exs. A-3 to L-3. The conferral letters mailed December 23 and January 11 informed the Customer that if it failed to respond, Settlement Class Counsel would move for an order in this Court on January 3 or January 24, 2022, respectively, to compel its compliance with the subpoena. *Id.* ¶¶ 3-14, Exs. A-3 to L-3.

---

[3] Schlage Company LLC's registered agent was not served; defense counsel provided Settlement Class Counsel the mailing address and individual contact to effect service to the company.

[4] In the conferral letter, Settlement Class Counsel acknowledged the conferral deadline fell within the holiday period but informed the Customers that it was to facilitate timely administration of the Settlement.

To date, the twelve (12) Customers have not responded to the subpoena or the conferral letter.[5] The Final Approval Hearing for the settlement is scheduled August 3, 2022. *See* ECF No. 90, Preliminary Approval Order, at ¶ 16. To timely administer the settlement by the Final Approval Hearing, the last date to distribute Notice to Settlement Class Members is approximately March 1, 2022. *See* ECF 87-7, Settlement Agreement, at ¶¶ 5.j.-n. (providing for, *inter alia*, 120-days for claim forms, requests for exclusions, and objections to be postmarked or returned to the Settlement Administrator).[6] Accordingly, to properly inform Settlement Class Members of their rights in the Settlement and to timely administer the Settlement, Plaintiff seeks an order from this Court compelling the twelve (12) Customers to comply with the subpoena within ten days of the Court's prospective order.

**II.     Argument**

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve a non-party a subpoena requiring, *inter alia*, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A motion to compel pursuant to Rule 37 is the appropriate vehicle to compel a non-party to provide discovery in response to a Rule 45 subpoena. *See* Fed. R. Civ. P. 37(a)(1)-(2) (governing orders compelling discovery from a "non-party"); *Patterson v. Chiappa Firearms, USA, Ltd.*, 2021 WL 5447440, at *2 (D. Mont. Nov. 22, 2021). Toward that end, a motion for an order compelling discovery from a non-party must be made in the court where compliance with the subpoena is

---

[5] Overall, Settlement Class Counsel sent approximately fifty (50) conferral letters to Defendants' Customers. Apart from the twelve (12) Customers referenced herein, virtually all the remaining Customers have or will be producing the information sought in the subpoena.

[6] Settlement Class Counsel's deadline to file the motion for final approval of the Settlement is July 27, 2022. *See* ECF 87-1, Settlement Agreement, at ¶¶ 5.n.

required. Fed. R. Civ. P. 37(a)(2); *In re Northfield Sec. Litig.*, 2012 WL 366852, at *8 (N.D. Ill. Jan. 31, 2012) (explaining an order compelling a non-party to comply with a subpoena "must be made in the court where the discovery is or will be taken").[7]

The settlement record reflects that Settlement Class Counsel properly served via First Class certified mail Rule 45 subpoenas issued from this District to Defendants' Customers. *See* Fed. R. Civ. P. 45(b)(1); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (holding delivery of a subpoena via certified mail permissible manner of service under Rule 45); Schott Decl. ¶¶ 3-14, Exs. A-1 to L-1. The settlement record further reflects that Settlement Class Counsel provided Defendants' Customers an extended twenty-one day deadline to comply with or otherwise respond to the subpoena, one week longer than the fourteen-day period provided in Rule 45(d)(2)(B). *Id.* ¶¶ 3-14; Exs. A-1 to L-1, at p. 3. Having received no response from Defendants' Customers to the subpoenas, consistent with its obligations under Rule 37, Settlement Class Counsel sought to confer in writing with those Customers, to which the Customers also did not respond. *See* Schott Decl. ¶¶ 3-5, 8-14. Settlement Class Counsel otherwise properly seeks to enforce the subpoenas in this District where compliance with the subpoenas is required.[8]

---

[7] Rule 45 provides that the non-party commanded to produce documents may serve written objections on the requesting party before the earlier of the time specified for compliance or fourteen days. Fed. R. Civ. P. 45(d)(2)(B). Failure to serve written objections to a subpoena within the time specified by Rule 45 constitutes a waiver of all grounds for objection. *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (holding objections are waved if not made within time prescribed in Rule 45); *F.T.C. v. Trudeau*, 2013 WL 842599, at *3 (N.D. Ill. Mar. 6, 2013) (citing *City of Milwaukee*, 682 F.3d at 558).

[8] Rule 45, for example, limits a non-party's deposition or trial attendance to 100 miles where the non-party resides, is employed, or regularly transacts business. *See* Fed. R. Civ. P. 45(c)(1). This District is the proper venue for enforcement because a person commanded to produce documents "need not appear in person at the place of production or inspection" and therefore the 100-mile safeguard is immaterial. *See* Fed. R. Civ. P. 45(c)(2)(A); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("[T]he 100-mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents 'need not appear in person at the place of production or inspection.'") (quoting Fed. R. Civ. 45(c)(2)(A)); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp.*, 2014 WL 12780298, at *3 (N.D. Ind. Nov. 20, 2014) (same); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) (same); *CresCom Bank v.*

In these circumstances, courts throughout the country routinely order non-parties to comply with a Rule 45 subpoena. *See, e.g.*, *Patterson*, 2021 WL 5447440, at *2 (granting motion to compel non-party to comply with Rule 45 subpoena after subpoenaed party failed to respond); *On Demand Direct Response, LLC v. McCart-Pollak*, 2019 WL 356797, at *1 (D. Nev. Jan. 29, 2019) (same); *Am. Builders & Contractors Supply Co. v. Great Am. Ins. Co.*, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) (same). Accordingly, to properly apprise the Settlement Class Members of their rights in the Settlement and to timely administer the Settlement in compliance with the deadlines in the Court's Preliminary Approval Order, an order compelling the respective Customers to comply with the subpoena is warranted.

## III. Conclusion

For the foregoing reasons, the Court should grant Plaintiff's instant Motion. Settlement Class Counsel respectfully requests the Court enter an Omnibus Order compelling the following entities to comply with the subpoena **within 10 days** from the date of the prospective order: (i) P&P Industries, Inc.; (ii) HGS USA LLC; (iii) Residential Home Health Illinois, LLC; (iv) Savino Del Bene USA, Inc.; (v) Sperry Equities LLC; (vi) The American Bottling Company; (vii) Whelan Security Company; (viii) Woodstock Sterile Solutions, Inc.; (ix) Bretford Manufacturing, Inc.; (x) Grupo Antolin Illinois, Inc.; (xi) Staff Management Solutions LLC; (xii) Schlage Lock Company LLC.

---

*Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (same); *Elsom v. Global Life & Accident Ins. Co.*, 2018 WL 4092020, *2 (D. Or. 2018) (same).

**Certificate of Conferral**

In compliance with Local Rule 37.2, Settlement Class Counsel sought to consult in writing with the non-parties/Defendants' Customers subject to this Motion, but such attempts to consult were unsuccessful due to no fault of Settlement Class Counsel. Settlement Class Counsel conferred with Defendants in writing on January 27, 2022, and they do not oppose the relief sought in the Motion.

Dated: January 27, 2022

Respectfully submitted,

/s/ *Bernard K. Schott*
One of Plaintiff's Attorneys

Maureen Salas
(msalas@flsalaw.com)
Douglas Werman
(dwerman@flsalaw.com)
Bernard K. Schott
(bschott@flsalaw.com)
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served via ECM/CF filing system on January 27, 2022 to all counsel of record. A copy of this Motion and the Notice of Motion will be served via Regular U.S. Mail on the non-parties subject to this Motion. Please see Service List Below:

**SERVICE LIST**
**Bretford Manufacturing, Inc.**
c/o Reg. Agent, Christopher Petrick
11000 Seymour Ave
Franklin Park, IL 60131

**Grupo Antolin Illinois, Inc.**
c/o Reg. Agent, Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

**Grupo Antolin Illinois, Inc.**
Attn: Legal Department
18355 Enterprise Ave
Nashville, IL 62263

**Grupo Antolin-Illinois, Inc.**
Attn: Legal Department
642 Crystal Pkwy
Belvidere, IL 61008

**HGS (USA), LLC**
c/o Reg. Agent, Cogency Global Inc.
600 S. 2nd St., Suite 404
Springfield, IL 62704

**HGS (USA), LLC**
c/o Legal Department
1901 East War Memorial Drive
Peoria, IL 61614

**P & P Industries, Inc.**
c/o Reg. Agent, Warren D. Pruis
2100 Enterprise Dr
Sterling, IL 61081

**Residential Home Health Illinois, LLC**
c/o Reg. Agent, Cogency Global Inc.
600 South Second St, Suite 404
Springfield, IL 62704

**Savino Del Bene U.S.A., Inc.**
c/o Reg. Agent, United Corporate Services, Inc.
901 S 2nd St, Ste 201
Springfield, IL 62704

**Schlage Lock Company LLC**
c/o Randall Hubbell
121 W. Railroad Avenue
Princeton, IL 61356

**Sperry Equities, LLC**
c/o Reg. Agent, Burton Young
18881 Von Karman, Ste 800
Irvine, CA 92612

**Staff Management Solutions, LLC**
c/o Reg. Agent, Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

**Staff Mangement Solutions, LLC**
c/o Legal Department
860 W. Evergreen Ave. 1st
Chicago, IL 60642

**Staff Management Solutions, LLC**
c/o Legal Department
433 W. Van Buren St., Suite 400S-1,2
Chicago, IL 60607

9

**The American Bottling Company**
c/o Reg. Agent, C T Corporation System
208 S LaSalle St, Suite 814
Chicago, IL 60604

**Whelan Security Co.**
c/o Reg. Agent, C T Corporation System
208 S LaSalle St, Suite 814
Chicago, IL 60604

**Woodstock Sterile Solutions, Inc.**
c/o Reg. Agent, C T Corporation System
208 S LaSalle St, Suite 814
Chicago, IL 60604

                                                  s/*Bernard K. Schott*
One of the Attorneys for Plaintiff and the Settlement Class