IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BRYANT on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:19-cv-06622 |
| vs. | ) ) Honorable Virginia M. Kendall ) |
| COMPASS GROUP USA, INC. and 365 RETAIL MARKETS, LLC, | ) ) ) |
| Defendants. | ) ) |

**FINAL APPROVAL ORDER**

This matter coming before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement [ECF No. 122] and Plaintiff's Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Awards [ECF No. 115], the Court having reviewed and considered the motions, including all supporting documents, and the Court having conducted a final approval hearing on September 8, 2022,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement and accompanying Claim Form ("Notice") were distributed by the Settlement Administrator to Settlement Class Members by, where available, direct mail, text message and email. The Settlement Administrator also targeted a Facebook advertisement to accounts linked to email addresses for Settlement Class Members. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, a mechanism to submit electronic Claim Forms, answers

to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted objections.

4. One Settlement Class Member excluded herself from the Settlement. Domonique Williams is excluded from the Settlement Class.

5. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All individuals who scanned their finger(s) in one or more of Defendants' vending systems in Illinois between August 23, 2014 and preliminary approval without first executing a written consent ("the Settlement Class" or "Settlement Class Members"). Excluded from the Settlement Class are persons who timely elect to exclude themselves, the Court and staff to whom this case is assigned, and any member of the Court's or its staff's immediate families.

6. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative's and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $6,800,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members

supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement (ECF No. 87-1).

8. The Court awards $105,486 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

9. The Settlement Administrator shall issue payments to all Settlement Class Participants from the Net Fund as described in the Settlement Agreement.

10. The Court awards Settlement Class Counsel $2,223,906 in attorney fees and $12,795.89 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

11. The Court awards Settlement Class Representative Christine Bryant $10,000.00 as a Service Award, which is payable from the Gross Fund as described in the Settlement Agreement.

12. Funds from checks not cashed by Settlement Class Participants within the 150-day deadline shall be distributed to the Unclaimed Property Division of the Illinois Treasure's Office.

13. This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice seven (7) days after Plaintiff files a declaration with the Court from the Settlement Administrator confirming that Defendant has fully funded the Gross Fund.

14. The Court retains jurisdiction over the Action solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated: September 8, 2022

Virginia M. Kendall
United States District Judge